**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 16, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JESSIE DICKINSON,

Defendant-Appellant.

No. 11-3045
(D.C. No. 2:07-CR-20099-JWL-13)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **EBEL**, and **MATHESON**, Circuit Judges.

Jessie Dickinson pleaded guilty to conspiracy to distribute more than 1,000 kilograms of marijuana and more than 5 kilograms of cocaine. As part of his plea agreement, he "knowingly and voluntarily waive[d] any right to appeal . . . any matter in connection with [his] prosecution, . . . [his] conviction, or the components of the sentence," so long as the sentence imposed was below the

---

[*]  This panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

statutory maximum and within the advisory guideline range determined appropriate by the district court. Plea Agreement at 12. The district court entered judgment and sentenced Mr. Dickinson to 168 months' imprisonment, which was at the lowest end of the advisory guideline range determined by the court.

In spite of the waiver in his plea agreement, Mr. Dickinson filed a notice of appeal. He states in his docketing statement that he wishes to appeal the district court's determination of the amount of drugs he converted to crack cocaine in calculating his sentence. The government has filed a motion to enforce the appellate waiver in Mr. Dickinson's plea agreement pursuant to *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam). Under *Hahn*, we consider: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id*. at 1325.

In his response, Mr. Dickinson does not address any of the *Hahn* factors. Rather, he contends the record is too incomplete to assess the factors at this time. He indicates that he may wish to argue that his counsel was constitutionally ineffective in connection with the negotiation of his plea agreement, which would constitute a miscarriage of justice. *See id*. at 1327. One purpose of an appellate waiver is to save the government from the cost of prosecuting an appeal. *Id*. at 1325. To assert that the government's motion is premature goes against that

purpose, as well as Tenth Circuit Rules 27.2(A)(1)(d), 27.2(A)(3)(b), and 27.2(C), which permit the government to file a motion to enforce an appeal waiver within twenty days of the transmittal of the record, before the opening brief is due, thus suspending the appellate briefing schedule. *See also Hahn*, 359 F.3d at 1328 (ruling that the government is not required to brief an appeal until after its motion to enforce is ruled upon). Thus, the government's motion to enforce the appeal is not premature. The record on appeal is complete. Counsel's inability to identify any basis to challenge the enforceability of the appeal waiver does not make the government's motion to enforce premature.

Mr. Dickinson did not waive his right to assert that his attorney provided ineffective assistance of counsel during the plea negotiations. *See* Plea Agreement at 12 (citing *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)). But ineffective assistance of counsel claims must ordinarily be raised on collateral review, not on direct appeal, and '[t]his rule applies even where a defendant seeks to invalidate an appellate waiver based on ineffective assistance of counsel." *United States v. Porter*, 405 F.3d 1136, 1144 (10th Cir. 2005).

Accordingly, we GRANT the government's motion to enforce the appeal waiver and DISMISS the appeal, without prejudice to Mr. Dickinson asserting an ineffective assistance of counsel claim in a 28 U.S.C. § 2255 motion.

ENTERED FOR THE COURT
PER CURIAM